IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL C TIERNEY,

      Plaintiff,

v.                                       CASE NO.1:14-cv-40-WS-GRJ

UNKNOWN DENTIST,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael C Tierney, who is currently confined at North Florida Evaluation and Treatment Center (NFETC), initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper and appointment of counsel.  Docs. 1, 2, 3.  Plaintiff did not file his complaint or motion for leave to proceed as a pauper on the proper forms, but regardless, the Court has determined the complaint is due to be dismissed.

Plaintiff alleges that he was illegally transferred to NFETC.[1]  He further alleges that at NFETC he was examined by an unknown dentist, who failed to fix or clean Plaintiff's teeth, even though Plaintiff complained of pain, and that his gums were bleeding.

Plaintiff is not entitled to bring this case *in forma pauperis* because he is subject

_____

[1]The Court takes judicial notice that Plaintiff is in custody pending criminal charges in Sarasota County, and has been transferred to NFETC for evaluation in connection with the pending charges. See *Tierney v. Sarasota County Jail*, Case No. 1:14-cv-33-MP-GRJ, Doc. 5 (N.D. Fla.) (Report and Recommendation).

to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[2]  Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury,"  *id.,* and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).

Plaintiff contends that an unknown dentist at NFETC has not fixed or cleaned Plaintiff's tooth, despite his pain.  Doc. 1.  However, it is clear that Plaintiff is receiving at least some dental care, because he asserts that he has been given x-rays and has been seen by a dentist, even if Plaintiff disagrees with the dentist's treatment plan. Liberally construed, the complaint does not allege facts showing that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of

---

[2]*See Tierney v. Kasper,* Case No. 8:14-cv-441-T-23TBM, Doc. 4 (M.D. Fla. Feb. 25, 2014) (imposing three-strikes bar and citing Plaintiff's nine previous Middle District dismissals that qualify as strikes or in which the three-strikes bar was imposed).

confinement.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED,** that appointment of counsel should be **DENIED**, all pending motions should be terminated, and that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 26th day of March 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**